IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RAFAEL CRUZ-RAMIREZ,

      Appellant,

v.

AMERICAN AIRLINES  and
SEDGWICK,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2666

Opinion filed October 4, 2016.

An appeal from an order of the Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Dates of Accidents: July 13, 2009, and November 5, 2009.

Toni L. Villaverde of Toni L. Villaverde, PLLC, Coral Gables, for Appellant.

Robert A. Donahue and Richard B. Robbins of Rissman, Barrett, Hurt, Donahue &
McLain, Orlando, for Appellees.

PER CURIAM.

      In this workers' compensation appeal, Claimant raises three issues, only one

has merit.  The Judge of Compensation Claims (JCC) erred in awarding any portion

of the attorney's fees paid by the Employer/Carrier (E/C) to claimant's prior

attorney, Mr. Buechele.

Claimant, a fleet service clerk for the Employer, sustained a back injury on July 13, 2009, and a right shoulder injury on November 5, 2009, both of which were accepted as compensable by the E/C.

Claimant was first represented by Mr. Buechele who filed multiple petitions for benefits (PFBs) for both dates of accident in 2010 and 2011. It was agreed, however, by Mr. Buechele and the E/C's attorney, that all of the benefits claimed due were provided by the E/C within thirty days of the date the PFBs were filed.

Ms. Villaverde filed a notice of appearance on February 1, 2012, listing the July 2009 date of accident, and on February 10, 2012, filed a PFB seeking payment of medical mileage on account of the November 2009 date of accident. According to the E/C's response, the mileage payment sought in that PFB was paid to Claimant on February 1, 2012. Notwithstanding that assertion, the JCC found, and the E/C's payout ledger confirmed, that the February 1 check was voided and was not reissued until June 18, 2012.

On February 21, 2012, Mr. Buechele filed a notice of charging lien for attorney's fees and costs on account of the November 2009 accident. Based on a stipulation of the parties, an order rendered February 27, 2012, accepted Mr. Buechele's withdrawal as counsel effective January 30, 2012, and Ms. Villaverde was substituted as counsel for Claimant effective that same date. The order

2

specifically stated that Mr. Buechele "shall have no further obligations or responsibilities on this matter after January 30, 2012, and a lien is noted."

In awarding an E/C-paid fee on account of the February 10, 2012, PFB, the JCC found "that, because no order substituting counsel for the claimant had been entered until February 27, 2012, both Attorney Villaverde and Attorney Buechele were counsel of record for the claimant when the petition for medical mileage was filed." The JCC found further:

> Upon consideration of all the evidence and evaluation of the variables of F. S. 440.34(1)(3)(7) above, I find that a reasonable fee to claimant's attorney in case number 10-005218 is in the amount of $1,500.00 based on a combined 10 hours of work between two attorneys of record for the claimant, at the same time, at $150 per hour, the statutory maximum for this date of accident.

The record supports neither finding. The February 27 order referenced by the JCC relieved Mr. Buechele of all responsibility effective January 30, and there is no record evidence to support that the ten hours of work represented "hours of work between two attorneys of record."[*]

Further, there is no record evidence that Mr. Buechele secured any benefit for Claimant related to the February 10, 2012, PFB. As such, no fee entitlement attached. See § 440.34(2), Fla. Stat. (2009) ("In awarding a claimant's attorney's fee, the [JCC] shall consider only those benefits secured by the attorney."). The JCC

---

[*] We note that Mr. Buechele declined the opportunity to participate in this appeal.

3

erred, and abused his discretion, in finding that Mr. Buechele was due any portion of the $1,500 attorney's fee, as there is no competent evidence that Mr. Buechele was in any manner entitled to a fee for securing the payment of medical mileage.

Accordingly, the order is AFFIRMED in part, REVERSED in part, and REMANDED for entry of an order in accordance with this opinion.

WOLF and WINOKUR, JJ., CONCUR; WINSOR, J., CONCURS IN PART AND DISSENTS IN PART WITH OPINION.

WINSOR, J., CONCURRING IN PART/DISSENTING IN PART.

The JCC directed the employer to pay attorney's fees of $1,500 total, $750 each to two particular attorneys. The majority concludes that one of the two attorneys was not entitled to any fee. That may well be, but that is not a basis to reverse. It is the claimant who appealed here, and the employer has disclaimed any objection to paying the fees as directed.

The fact that one attorney deserved nothing does not necessarily mean the other attorney was entitled to more than the $750 awarded. It was the appellant's burden to show that he was aggrieved by the JCC's decision, and he has not met that burden. The appellant does not suffer when his employer overpays one of his attorneys, and he has not shown that his employer underpaid the other.

I agree with the majority that the appellant's additional claims lack merit. I would affirm in all respects.

5